IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-88-B-BN |
| | § | |
| DALLAS COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Without paying the filing fee, Plaintiff Candace Bell filed a *pro se* complaint alleging civil rights claims relating to enforcement of a February 2017 state family court order (the "SAPCR Order"). *See* Dkt. No. 3. The magistrate judge entered findings of fact, conclusions of law, and a recommendation that the Court dismiss the complaint for lack of jurisdiction (the "FCR"). *See* Dkt. No. 11. Bell sought an extension to file objections and attached proposed objections. *See* Dkt. No. 12. The Court accepted the FCR and entered judgment on February 27, 2026. *See* Dkt. Nos. 15, 16.

On March 3, 2026, Bell filed objections and a motion under Federal Rule of Civil Procedure 59(e). *See* Dkt. Nos. 17, 18.

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). Upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A). The Court's "ruling on the Rule 59(e)

motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Bell's motion and objections largely rehash arguments made in her complaint that were already considered and rejected by the magistrate judge in the FCR. *See* Dkt. No. 11 at 5. Controlling law has not changed since the Court entered judgment; Bell presents no newly discovered evidence that could question the correctness of the judgment; nor does she plausibly show that the Court need correct a manifest error of law or fact.

Bell also asserts that, although she attached objections to her motion for extension, it appeared that "the Court did not construed that submission as formal objections under 28 U.S.C. § 636(b)(1). Dkt. No. 18 at 1. The Court's order accepting the FCR in this case stated that no objections had been filed and that the Court applied the plain error standard. *See* Dkt. No. 15. But, reviewing *de novo* those portions of the FCR to which objection was made in the document attached to the motion for extension, the Court finds no error in the FCR. So the standard of review for the portions of the FCR addressed in the proposed objections attached to the motion for extension would not alter the Court's judgment.

In sum, Bell offers no compelling reasons to reconsider the Court's decision to dismiss her claims. Therefore, the Court DENIES her post-judgment motions [Dkt. Nos. 17, 18].

SO ORDERED this 8th day of April, 2026.

_____

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE